**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCOS CASEY GUILLEN III, | Case No.: 1:18-cv-00290-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| T. FRANCISCO, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT WARDEN GARZA |
| Defendants. | |
| | [ECF Nos. 2, 8, 11] |

Plaintiff Marcos Casey Guillen III is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 28, 2018, Defendant T. Francisco removed this action from the Kern County Superior Court.

On March 6, 2018, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for violation of the Free Exercise Clause of the First Amendment against Defendant T. Francisco; however, Plaintiff failed to state a cognizable claim against Defendant Warden Garza. (ECF No. 8.) Plaintiff was granted leave to file an amended complaint or notify the Court of his intent to proceed only on the claim against Defendant T. Francisco. (Id.)

On March 14, 2018, Plaintiff notified the Court of his intent to proceed only on the claim against Defendant T. Francisco. (ECF No. 11.) As a result, the Court will recommend that this action only proceed on the First Amendment claim against Defendant T. Francisco, and Defendant Warden Garza be dismissed for the reasons stated in the Court's March 6, 2018 screening order. Fed. R. Civ. P.

8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). In his notice, Plaintiff questions why he cannot also proceed on his alleged claims under state law. Plaintiff is advised that violations of state statutes and regulations are insufficient to give rise to a federal constitutional violation. See, e.g., Collins v. City of Harker Heights, Texas, 503 U.S. 115, 117 (1992) (finding that the Due Process Clause does not impose safety standards on municipalities, even if action under state law, for failure to train or warn about safety hazards); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981) ("Section 1983 protects against 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.' … Violations of state law alone are insufficient [to state a Section 1983 claims]."); Lovell v. Poway Unified School Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D.Cal. 2012) (no implied private right of action for violation of Title 15 prison regulations); Cole v. Sisto, 2010 WL 2303257, at *4-5 (E.D.Cal. 2010) (citing Lone Star Sec. & Video, Inc. v. City of Los Angeles, 584 F.3d 1232, 1236-37 (9th Cir. 2009)) (being subjected to a rule that is invalid under state law does not give rise to a viable section 1983 claim). Accordingly, Plaintiff's claim that Defendant T. Francisco may have also violated a California Department of Corrections and Rehabilitation policy or regulation does not give rise to a federal constitutional violation.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendant T. Francisco for violation of the Free Exercise Clause of the First Amendment;

2. Defendant Warden Garza be dismissed from the action for the reasons explained int eh Court March 6, 2018 order; and

3. The Clerk of Court is directed to randomly assign a District Judge to this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2018**

UNITED STATES MAGISTRATE JUDGE