1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11  MARCOS CASEY GUILLEN III,              )   Case No.: 1:18-cv-00290-DAD-SAB (PC)
                                           )
12                 Plaintiff,              )
                                           )   FINDINGS AND RECOMMENDATION
13         v.                              )   REGARDING DEFENDANT'S MOTION TO
                                           )   DISMISS
14  T. FRANCISCO,                          )
                                           )   [ECF No. 18]
15                 Defendant.              )
                                           )
16  _____       )

17         Plaintiff Marcos Casey Guillen III is appearing pro se in this civil rights action pursuant to 42

18  U.S.C. § 1983.

19         Currently before the Court is Defendant's motion to dismiss, filed July 25, 2018.

20                                        **I.**

21                                 **BACKGROUND**

22         This action is proceeding against Defendant T. Francisco for a violation of Plaintiff's First

23  Amendment right to free exercise of religion.

24         As previously stated, on July 25, 2018, Defendant filed a motion to dismiss the action on the

25  ground that he is entitled to qualified immunity.  (ECF No. 18.)  Plaintiff filed an opposition on

26  August 13, 2018, and Defendant filed a reply on August 20, 2018.  (ECF Nos. 19, 20.)

27  ///

28  ///

                                            1

## II.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## III.

## DISCUSSION

### A.    Summary of Plaintiff's Complaint

On July 29, 2016, at approximately 3:00 pm., Plaintiff was going to Building A4 and when he passed Defendant officer Francisco he requested to search Plaintiff.  Plaintiff positioned himself with his back facing Francisco.  During the search, Plaintiff took his medicine bag and placed it in his hand. Officer Francisco asked to touch Plaintiff's medicine bag.

Pursuant to Plaintiff's Native American religious beliefs, if the medicine bag is touched it loses the religious power. Plaintiff submits that pursuant to the California Department of Corrections and Rehabilitation (CDCR) Department of Operations Manuel (DOM) section 101060.11 and Title 15 of the California Code of Regulations section 3213(c), the officer is to instruct the inmate to dump the items out or let the officer look inside the bag.[1] However, officer Francisco cuffed Plaintiff and placed him in a holding cage. After Plaintiff placed his hands through the tray slot, Francisco took Plaintiff's medicine bag by threat of force by use of pepper spray. Francisco searched Plaintiff's medicine bag.

### C.    Motion to Dismiss

Defendant argues that he is entitled to qualified immunity on Plaintiff's claim because there is no clearly established law to demonstrate that if a correctional officer touched a prisoner's medicine bag during a search it would violate the Free Exercise Clause of the First Amendment.

---

[1] CDCR DOM section **101060.11 Chapel, Sweat Lodge, and Sacred Items Search by Custody Staff** states as follows:

Searches shall be conducted with dignity and due respect to the sanctuary and sweat lodge. When practical, the chaplain or Native American Spiritual Leader will be present.
Staff chaplains shall arrange through their supervisor for certain criteria to be met by custodial staff when conducting searches of the chapel facilities or sweat lodge.
Handling of a medicine bag, sacred items, sacred pipe, and pipe bag by staff is limited to those occasions when there is reasonable cause to believe it may contain unauthorized or dangerous items or substances.

**Medicine Bag Search**
Any routine search of the medicine bag shall be accomplished by having the owner turn the bag inside out in the presence of staff.
Spiritual leaders, volunteers, and visitors entering an institution, are subject to searches of their personal medicine bag in the same manner as described above.

**Sacred Pipe and Pipe Bag Search**
Handling of the sacred pipe and pipe bag will be limited to the designated pipe holder unless there is reason to believe they may contain unauthorized items or substances. When a pipe bag search is necessary, the designated pipe holder shall remove the contents of the bag and spread it out for staff to visually inspect.

Title 15 of the California Code of Regulations section 3213(c) states in relevant part:

During a search of an inmate's medicine bag, the inmate shall empty the medicine bag of its contents in the presence of staff. Staff shall then visually inspect the medicine bag and its contends for contraband. Any contraband items that are found shall be disposed of in accordance with subsection 3191(c). The inmate shall return any non-contraband items into the medicine bag.

Cal. Code. Regs. tit. 15, § 3213(c).

Plaintiff argues that Defendant Francisco was given verbal proper notice of how to search his religious bag along with DOM section 101060.11. Plaintiff argues that "[a]ll it takes is to be touched 'one time' by a non-believer to disrupted [sic] the invocation and connection with Creator, which desecrates the sacred medicine bag…." (Opp'n at 2, ECF No. 19.)

In response, Defendant argues that a violation CDCR's DOM or Title 15 of the California Code of Regulations do not establish that a federal constitutional right was clearly established with the requisite level of specificity, citing Cousins v. Lockyer, 568 F.3d 1063, 1069-71 (9th Cir. 2009). (Reply at 1-2, ECF No. 20.)

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

Accepting Plaintiff's allegations as true, as this Court must, it is not clear whether there was a legitimate reason for the search of Plaintiff's medicine bag. Without further factual development of Plaintiff's claim, the Court cannot, at this juncture, adequately define the right to determine qualified

4

immunity. Consequently, whether the evidence will support Plaintiff's assertions and whether Defendant may be entitled to qualified immunity are questions that cannot be resolved at this juncture. Although qualified immunity from suit should be resolved at the earliest stage possible, the Supreme Court has recognized that resolving qualified immunity based solely on the pleadings without the benefit of factual development of the record may be difficult. Pearson v. Callahan, 555 U.S. 223, 238-39 (2009); see also Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999) (further factual development outside the complaint may be necessary to establish affirmative defense of qualified immunity); Moss v. U.S. Secret Service, 572 F.3d 962, 974-75 (9th Cir. 2009) (where extra-record evidence is proffered or required to determine the facts at hand, qualified immunity must be asserted in a summary judgment motion). Accordingly, Defendant's motion to dismiss based on qualified immunity should be denied.

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss the action based on qualified immunity be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 17, 2018**

_____
UNITED STATES MAGISTRATE JUDGE