# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS CASEY GUILLEN III,<br><br>    Plaintiff,<br><br>v.<br><br>T. FRANCISCO,<br><br>    Defendant. | Case No.: 1:18-cv-00290-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPEAR AT SETTLEMENT CONFERENCE BY WAY OF TELEPHONE OR VIDEO<br><br>[ECF No. 34] |

Plaintiff Marcos Casey Guillen III is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for settlement conference before the undersigned on March 26, 2019, at 9:30 a.m., at the United States Courthouse in Fresno, California.

On January 18, 2019, Plaintiff filed a motion requesting that he be allowed to appear at the settlement conference by telephone or video. (ECF No. 34.) Plaintiff asserts that he has other pending cases and when transferred for the settlement conference he will not have ample access to his legal property to litigate his cases.

Generally, the Court allows inmates to appear telephonically for pretrial proceedings; however, the Court finds that settlement conferences are not productive without the ability to have face to face contact with the participants. Therefore, the Court requires the parties to personally appear for settlement conferences. The Court's past experience has demonstrated that the California Department

1

of Corrections telephone and/or video conferencing system can be unreliable; and therefore it is insufficient for the purposes of conducting a settlement conference. Thus, the Court finds that it is not practicable to allow an inmate to appear by telephone or video at a settlement conference.

Plaintiff is advised that unless he chooses to dismiss his lawsuit, he is obligated to litigate this action which may necessitate, among other things, transportation from his institution to the court or other locations for proceedings at which Defendants may be present. Plaintiff will only be re-housed for a short period of time to accommodate the settlement conference. In addition, the settlement conference is scheduled for March 26, 2019, and Plaintiff has plenty of time to comply with any pending deadlines in his other cases and/or seek any necessary extension of time to do so.

Accordingly, Plaintiff's request to attend the settlement conference by telephone or video (ECF No. 34), is DENIED.

IT IS SO ORDERED.

Dated: **January 23, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE